UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60137-CIV-ZLOCH

MALIBU MEDIA, LLC,

    Plaintiff,

vs.                                  **O R D E R**

JOHN DOE, subscriber assigned IP
address 67.191.79.222,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Malibu Media, LLC's, Motion For Leave To Serve A Third Party Subpoena Prior To A Rule 26(f) Conference (DE 5). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    By the instant Motion (DE 5), pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Malibu Media, LLC, seeks leave to serve a third party with a Rule 45 subpoena prior to a Rule 26(f) conference. Plaintiff alleges that it currently only knows Defendant's Internet Protocol (hereinafter "IP") address, and not Defendant's true identity, such as is necessary for Plaintiff to serve Defendant with process.

    Pursuant to Rule 26(b), "For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action." In <u>Arista Records, LLC v. Doe 3</u>, the court found that five factors are relevant to determining whether good cause exists for permission to serve such a subpoena as requested by the instant

Motion (DE 5): (1) whether Plaintiff has made out a prima facie claim of copyright infringement, (2) the specificity of the discovery requested, (3) the absence of alternative means to obtain subpoenaed information, (4) necessity for the subpoenaed information, and (5) Defendant's expectation of privacy. 604 F.3d 110 (2d Cir. 2010) (citing Sony Music Entm't v. Does 1-40, 326 F. Supp. 2d 556, 564-67 (S.D.N.Y. 2004)). Plaintiff has established that good cause exists, based on the above-referenced factors, for it to serve a third party subpoena on Comcast Cable, the Internet Service Provider, (hereinafter the "ISP").

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Malibu Media, LLC's, Motion For Leave To Serve A Third Party Subpoena Prior To A Rule 26(f) Conference (DE 5) be and the same is hereby **GRANTED** as follows:

1. Plaintiff Malibu Media, LLC, may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A (DE 1-2) of the Complaint (DE 1) in the above-styled cause;

2. Plaintiff shall attach to any such subpoena a copy of this Order;

3. Plaintiff may also serve a Rule 45 subpoena in the same

manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant;

    4. If the ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states in pertinent part:

> the term "cable operator" means any person or group of persons
>
> > (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> > (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant; and

    5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint (DE 1).

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of April, 2014.

                                          WILLIAM J. ZLOCH
                                          United States District Judge

Copies Furnished:
All Counsel of Record